Anthony MILLONZI, et al., Plaintiffs,

v.

BANK OF HILLSIDE, et al.,
Defendants.

No. 85 C 1215.

United States District Court,
N.D. Illinois, E.D.

March 20, 1985.

Tobin M. Richter, Spindell, Kemp, Kimmons & Kimball, Chicago, Ill., for plaintiffs.

Narcisse A. Brown, Martin W. Salzman, Schwartz, Cooper, Kolb & Gaynor, Chartered, Chicago, Ill., for defendants Bank of Hillside and Donald Morris.

Joseph A. Rosin, Chicago, Ill., for defendants Christian F. Henning, Jr. and Christian F. Henning, Jr. & Associates, Ltd.

Harold E. Collins, Chicago, Ill., pro se.

## MEMORANDUM ORDER

BUA, District Judge.

Plaintiffs Anthony Millonzi, Joseph C. Millonzi and Aagard Electric, Inc. bring this action against defendants Bank of Hillside; Christian F. Henning, Jr. and Associates, Ltd.; Christian F. Henning, Jr., Attorney-at-law; Donald C. Morris; Harold E. Collins; and Harold E. Collins & Associates, Ltd. Before the Court are plaintiffs' motion for a preliminary injunction and certain defendants' motions to dismiss the complaint. For the reasons stated below, defendants' motions to dismiss and plaintiffs' motion for a preliminary injunction are denied.

## FACTS

The facts alleged in the complaint and presented at the preliminary injunction hearing are numerous and complex. For purposes of this opinion, however, they need only be summarized briefly. In November of 1982, defendant Bank of Hillside filed a suit in the state court seeking to foreclose on Anthony Millonzi's home. On July 27, 1983, judgment was entered for the Bank of Hillside. On August 3, 1983, a notice of sheriff's sale of plaintiff's home was mailed to Anthony Millonzi. *See* Complaint, ¶s 31–32.

In August of 1983, plaintiffs filed bankruptcy under Chapter 11. After the automatic stay was lifted, Anthony Millonzi's home was sold at an auction by the Sheriff of Cook County to the Bank of Hillside. Millonzi's right to redeem the property has expired. *See* Complaint, ¶s 33–35. The certificate of sale is presently in the possession of the Bank of Hillside. Under Illinois law, the holder of the certificate of sale may obtain a sheriff's deed to the property and then bring a forcible detainer action to expel the Millonzis from their home. *See* Complaint, ¶ 35.

Plaintiffs seek to prevent defendants from obtaining possession of Millonzi's home pending resolution of the merits of this case. In general, plaintiffs allege that the mortgage and note should be declared void due to various wrongful acts on the part of defendants between 1979 and 1985. Specifically, plaintiffs charge, in Count I of their complaint, that defendants entered into a scheme to acquire control over Aagard Electric through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(b). Plaintiffs further allege that defendants' fraudulent use of the U.S. mails and wires in violation of 18 U.S.C. §§ 1341 and 1343 and defendants' acts of extortion in violation of 18 U.S.C. §§ 1951 and 1961(1)(A) constitute a pattern of racketeering activity as defined in 18 U.S.C. § 1961(1) and (5). Count II charges that defendants unlawfully used incomes received from a pattern of racketeering activity in violation of 18 U.S.C. § 1962(a). Count III alleges that defendants conspired to violate 18 U.S.C. § 1962(b) in violation of 18 U.S.C. § 1962(d). Counts IV and V al-

lege fraud and a conspiracy to defraud, respectively. Count VI seeks the Court to order the defendants to hold plaintiff Anthony Millonzi's home or the proceeds from any sale in a constructive trust. Finally, Count VII is directed against defendant Henning only and charges professional malpractice, breach of a fiduciary duty, conflict of interests and fraud.

Plaintiffs seek the following relief. First, a preliminary and permanent injunction which would prevent defendants from obtaining possession of Anthony Millonzi's home. Second, plaintiffs seek a declaratory judgment that a mortgage and certain notes executed by the plaintiffs are void. Third, plaintiffs request that the Court impose a constructive trust on Anthony Millonzi's home. Finally, plaintiffs seek compensatory and punitive damages.

Defendants Bank of Hillside, Donald Morris, and Harold E. Collins (individually and as a professional corporation) move to dismiss the complaint on various grounds. First, defendants argue that the doctrines of res judicata and collateral estoppel bar the plaintiffs from bringing this suit in light of the prior state court foreclosure judgment and the plaintiffs' bankruptcy proceedings. Second, defendants argue that the complaint fails to state any claim for relief. Third, defendants argue that all necessary parties have not been joined. Fourth, defendants Collins and Collins & Associates, Ltd. additionally argue that since July of 1982, they had no involvement with any co-defendant or plaintiffs and therefore should be dismissed as parties in this case. Finally, defendants argue that any order granting plaintiffs' motion for preliminary injunction would violate the Anti-Injunction Act, 28 U.S.C. § 2283.

### Res Judicata and Collateral Estoppel Defenses

■ Under *Marrese v. American Academy of Orthopaedic Surgeons*, —— U.S. ——, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), "[t]he preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute.... This statute directs a federal court to refer to the preclusion law of the state in which judgment was rendered." *Id.* at ——, 105 S.Ct. at 1328–29. Under Illinois law, the doctrine of *res judicata* provides that:

A prior judgment may have preclusive effects in a subsequent action under both *res judicata* and collateral estoppel. The doctrine of *res judicata* provides that 'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.' When *res judicata* is established 'as a bar against the prosecution of a second action between the same parties upon the same claim or demand ... it is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose.'

*Housing Authority of LaSalle County v. YMCA*, 101 Ill.2d 246, 78 Ill.Dec. 125, 127–28, 461 N.E.2d 959, 961–62 (1984) (citations omitted). The party asserting the affirmative defenses of *res judicata* and collateral estoppel "has the burden of proving the existence and character of the former judgment as well as its legal effect with relation to the matters alleged to be concluded by it." *LaSalle National Bank v. County of DuPage*, 77 Ill.App.3d 562, 32 Ill.Dec. 935, 937, 396 N.E.2d 48, 50 (1979).

■ In this case, defendants argue that plaintiffs' RICO, fraud and conspiracy claims should have been brought as defenses in the foreclosure suit and bankruptcy case. Defendants, however, have failed to sustain their burden of demonstrating that plaintiffs' present claims would have constituted defenses in the prior litigation. Instead, plaintiffs' RICO, fraud and conspiracy claims are separate causes of action which, under Illinois law, need not be brought as counterclaims in the prior litiga-

tion. *See* Ill.Code Civ.P. §§ 2–608 and 614. In fact, defendants have failed to present any Illinois authority which would indicate that a RICO counterclaim would be permitted in a foreclosure suit.

■ Defendants reliance upon the doctrine of collateral estoppel is also misplaced. Collateral estoppel applies only as to issues "actually litigated and determined and not as to other matters which might have been litigated or determined." *Housing Authority for LaSalle County, supra,* 78 Ill.Dec. at 128, 461 N.E.2d at 962. Defendants have failed to apprise the Court as to what extent, if any, plaintiffs' present claims were actually litigated in the prior proceedings. Accordingly, defendants have failed to meet their burden of establishing collateral estoppel as a defense in this cause.

### Remaining Arguments For Dismissal

■ Defendants remaining arguments in support of their motion to dismiss merit little discussion. First, defendants argue that the complaint fails to state a cause of action under RICO because: (1) plaintiffs' alleged racketeering activities do not fall within the RICO statute; (2) the mails were not used in furtherance of the racketeering scheme; and (3) the alleged extortion is unrelated to the alleged conspiracy. Regarding defendants' first argument, plaintiffs' allegations of mail fraud, wire fraud and extortion clearly fall within the definition of a racketeering activity. *See* 18 U.S.C. § 1961(1) and (5). Defendants' second and third arguments raise factual issues which cannot be resolved in a motion to dismiss.

■ Finally, defendants argue that dismissal is warranted because plaintiffs have failed to include a necessary party, Nadine Millonzi. Defendants, however, fail to offer any explanation as to why Nadine Millonzi must be joined as a party. Accordingly, the Court views this argument without merit. Defendant Collins Ltd.'s additional ground for dismissal raises factual issues which cannot be resolved in a motion to dismiss.

For all of the above reasons, defendants' motions to dismiss the complaint are denied.

### Plaintiffs' Motion For A Preliminary Injunction

■ Without passing upon any of the criteria for a preliminary injunction set forth in *Roland Machinery v. Dresser Industries,* 749 F.2d 380 (7th Cir.1984), it is clear that plaintiffs are not entitled to an injunction (preliminary or permanent) which would prevent defendants from proceeding on the foreclosure judgment.

Generally, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state court proceedings. Three statutory exceptions exist to this blanket prohibition: (1) where Congress has "expressly authorized" injunctive relief; (2) where injunctive relief is necessary in aid of federal jurisdiction; and (3) where injunctive relief is necessary to protect or effectuate a federal judgment. *See* 28 U.S.C. § 2283.

■ Plaintiffs argue that the Anti-Injunction Act is not applicable because plaintiffs are merely asking the Court to enjoin the Bank of Hillside from obtaining a sheriff's deed from the Sheriff of Cook County. Plaintiffs' attempt to avoid application of the Anti-Injunction Act, however, has been rejected by several courts. Generally, the mandate of the Anti-Injunction Act "cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1976). In *Ungar v. Mandell,* 471 F.2d 1163 (2d Cir.1972), the Second Circuit held that the Anti-Injunction Act prevented a federal court from issuing a preliminary injunction which would prevent

the sale of property that was previously the subject of state foreclosure proceedings. Notably, the court stressed that the plaintiff's attempt to limit the injunction only against the defendants and not state officials, "did not remove his suit from the [Anti-Injunction Act's] bar." *Id.* at 1165. Similarly, the Ninth Circuit has held that attempting to avoid the application of the Anti-Injunction Act by limiting the scope of the injunction to the litigants "would be no more than a transparent attempt to avoid the effect of [*Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977)]." In this case, an order enjoining the Bank of Hillside from obtaining a sheriff's deed would render the state court judgment meaningless and would have the same intrusive effect as enjoining state officials.

Plaintiffs also argue that an exception to the Anti-Injunction Act applies. Specifically, plaintiffs argue that an injunction is necessary in aid of this Court's jurisdiction. It would be improper, however, for this Court to interfere with a state court judgment which was rendered before plaintiffs' federal case was filed. *Atlantic Coast Line Railroad Co., supra*, 398 U.S. at 296, 90 S.Ct. at 1747. As the Supreme Court stated in *Atlantic Coast Line*, "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Id.* Plaintiffs are simply asking this Court to declare void the state court judgment; a request which the Court must decline.[1]

## CONCLUSION

For all of the above reasons, defendants' motions to dismiss and plaintiffs' motion for a preliminary injunction are denied. The Court will set an expedited discovery schedule and early trial date at a status hearing on March 25, 1985 at 9:30 A.M.

IT IS SO ORDERED.

1. Since this Court's denial of plaintiffs' motion for a preliminary injunction is based solely upon the Anti-Injunction Act, the Court's decision is without prejudice to plaintiffs' right to seek relief from the foreclosure judgment in state court under Ill.Code Civ.P. § 2–1401.